IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  08 CV 1521 |
| | ) | |
| PRIME INVESTMENT MORTGAGE | ) | Hon. Andersen |
| CORPORATION; OPTION ONE | ) | Magistrate Judge Ashman |
| MORTGAGE CORPORATION; and | ) | |
| DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**

NOW COMES Defendant, Option One Mortgage Corporation, by and through its counsel and pursuant to Federal Rule of Civil Procedure 12(B)(6), hereby moves this honorable Court to dismiss Option One Mortgage Corporation ("Option One") as a defendant and in support thereof, states as follows:

**ARGUMENT**

Option One is not a creditor or an assignee that can be liable under the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*  Option One, a loan servicer (Compl. ¶ 7, 59), is not subject to the provisions of TILA.  Liability under TILA is expressly limited to "creditors who fail to comply with any requirements under [the Act]" (15 U.S.C. §1640(a)) or "any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement."  15 U.S.C. §1641.  This Defendant fits neither definition, thus as a matter of law it is not subject to liability under TILA and should be dismissed as a defendant.

**I.      OPTION ONE IS NOT A CREDITOR WHO CAN BE LIABLE UNDER TILA**

Plaintiffs' claim is a creature of statute, namely TILA. Being a creature of statute it is well settled that "[t]he task of resolving the dispute over the meaning of a statute begins where all such inquiries must begin" with the language of the statute itself." *U.S. v. Ron Pair Enterprises*, 489 U.S. 235, 241 (1989); *Chevron v. Natural Res. Def. Counsel*, 467 U.S. 837, 842-43 (1984). "When construing a statute [courts] are obliged to look at the plain meaning of the words employed by the legislature" and the court "must give effect to the unambiguously expressed intent of Congress." *U.S. ex rel. Harlan v. Bacon*, 21 F.3d 209, 210 (8th Cir. 1994), citing *Chevron*. Courts construing statutes "must presume that a legislature states in a statute what it means and means in a statute what it says." *Ron Pair*, 498 U.S. at 241-42. This rule is "one, cardinal cannon before all others." *Connecticut National Bank v. Garmain*, 503 U.S. 219, 253 (1992).

TILA defines a "creditor" as a person who "(1) regularly extends, whether in connection with loans, sales or property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which a payment for a finance charge is or may be required, and (2) is a person to whom the debt arising from the consumer credit transaction is initially payable on the face of the indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. §1602(f).

With respect to the instant transaction, Option One is not "the person to whom the debt arising from the consumer credit transaction is initially payable"; that would be defendant, Prime Investment Mortgage Corporation. (Compl. Ex. A, F.) The original creditor, for the purpose of TILA, is Prime Investment Mortgage Corporation. (Compl. Ex. A.)

## II.     OPTION ONE IS NOT AN ASSIGNEE WHO CAN BE LIABLE UNDER TILA

Option One is not an assignee for the purpose of TILA, either.  Option One is merely a loan servicer.  An entity which only acts as the loan servicer, however, is not treated as an assignee for purposes of TILA.

TILA could not be clearer:  a plaintiff cannot assert a TILA claim against the servicer of a loan, unless that servicer also owns or owned the loan obligation.  Section 131 of TILA expressly provides "***A servicer…shall not be treated as an assignee of such obligation for purposes of this section unless this servicer is or was the owner of the obligation.***"  15 U.S.C. §1641(f) (emphasis added); *See also, Jackson v. U.S. Bank, N.A., as Trustee*, 245 B.R. 23 (E.D. Pa. 2000) (servicing agent cannot be held liable under TILA because there is no provision for liability for servicing agents, only original lenders and their assigns).  *See also, Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp.2d 910, 914 (N.D. Ill. 2002) (same); TILA expressly exempts servicing agents from liability unless the servicing agent has or had an ownership interest in the loan. *Clark v. Fairbanks Capital Corp.*, 2003 WL 21277126 (N.D.Ill.). See also, *Connor v. Moss Codilis, et al.*, 2003 WL 21267093 (N.D.Ill.) (same).  Accordingly, a servicer can only be deemed an assignee under TILA, and therefore potentially liable under TILA, if it also owned the debt.

In this case, the undisputed facts demonstrate that Option One is only the servicer.  Option One receives the borrower's scheduled payments and makes payments of principal and interest to the owner as well as other payments with respect to the amounts received from the borrower.  Option One does not have ownership of the subject loan.

**III.     OPTION ONE IS NOT AN APPROPRIATE RULE 19 DEFENDANT**

Additionally, Plaintiff alleges in paragraph 7 of the Complaint that Option One should be joined as a defendant at it is a necessary party. In paragraph 59 Plaintiff states Option One is named as a necessary party only. In an attempt to keep Option One in the action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure Plaintiff states Option One is a necessary party. However, as also alleged in the complaint, Option One's interest is servicing the loan. This is not a sufficient interest, as if the loan transaction is rescinded Option One, would be required to cease to have any collection or other function in connection with the loan. *See*, *Walker v. Gateway Financial Corp.*, 286 F.Supp.2d 965, 969 (N.D. Ill. 2003) (loan servicer's presence in litigation is unnecessary). *See also, Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773, 775 (N.D. Ill. 2007). Thus, Option One's presence in this matter is not necessary and it should be dismissed as a defendant.

## **CONCLUSION**

For the reasons set forth above, Option One, the loan servicer, is not a creditor or assignee and thus is not liable under TILA for any damages to Plaintiff. Nor is Option One's presence in this matter necessary for a full and complete determination of the issues herein Wherefore, Defendant, Option One Mortgage Corporation, hereby this motion to dismiss be granted and that it be dismissed as a Defendant.

Respectfully submitted,

Option One Mortgage Corporation

By: /s/ Jonathan D. Nusgart   .

Jonathan D. Nusgart
James V. Noonan
Noonan & Lieberman
105 W. Adams Street
Suite 3000
Chicago, IL 60603
312/431-1455

## CERTIFICATE OF SERVICE

Pursuant to L.R. 5.9, the undersigned certifies that a true and correct copy of the foregoing Motion to Dismiss was electronically served via the CM/ECF system on May 8, 2008, to the following counsel of record:

**Al Hofeld, Jr.**
Law Offices of Al Hofeld, Jr., LLC
208 S. LaSalle Street
Suite #1650
Chicago, IL 60604
Email: al@alhofeldlaw.com


   /s/   Jonathan D. Nusgart        .