IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  08 CV 1521 |
| | ) | |
| PRIME INVESTMENT MORTGAGE | ) | Hon. Andersen |
| CORPORATION; OPTION ONE | ) | Magistrate Judge Ashman |
| MORTGAGE CORPORATION; WELLS | ) | |
| FARGO BANK, N.A., as Trustee for the | ) | |
| Benefit of the certificate holders of asset-backed | ) | |
| securities corporation home equity trust, series | ) | |
| OOMC 2005-HE6; and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

NOW COMES Defendant, Option One Mortgage Corporation, by and through its counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this honorable Court to dismiss Counts I and VII of Patricia Jones Second Amended Complaint.  In support thereof, Defendant states as follows:

**ARGUMENT**

Option One Mortgage Corporation ("Option One") is not a creditor or an assignee that can be liable under the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq*.  In fact, Option One is a loan servicer (2nd Am. Comp. ¶ 7, 65), and therefore is not subject to the provisions of TILA.

Liability under TILA is expressly limited to "creditors who fail to comply with any requirements under [the Act]" (15 U.S.C. §1640(a)) or "any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure

statement." 15 U.S.C. §1641. Option One fits neither definition; thus as a matter of law it is not subject to liability under TILA and should be dismissed as a defendant.

Moreover, because Plaintiff's account was in default at the time she requested a loan modification the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.* is not applicable to the instant transaction. Consequently there can be no violation for an adverse action under ECOA. Finally, Plaintiff has not plead the ECOA count with the requisite specificity required to find a causal connection between the alleged violation and the claim of retaliation.

**I.    OPTION ONE IS NOT A CREDITOR WHO CAN BE LIABLE UNDER TILA**

Plaintiffs' claim is a creature of statute, namely TILA. Being a creature of statute it is well settled that "[t]he task of resolving the dispute over the meaning of a statute begins where all such inquiries must begin: with the language of the statute itself." *U.S. v. Ron Pair Enterprises*, 489 U.S. 235, 241 (1989); *Chevron v. Natural Res. Def. Counsel*, 467 U.S. 837, 842-43 (1984). "When construing a statute [courts] are obliged to look at the plain meaning of the words employed by the legislature" and the court "must give effect to the unambiguously expressed intent of Congress." *U.S. ex rel. Harlan v. Bacon*, 21 F.3d 209, 210 (8th Cir. 1994), citing *Chevron*. Courts construing statutes "must presume that a legislature states in a statute what it means and means in a statute what it says." *Ron Pair*, 498 U.S. at 241-42. This rule is "one, cardinal cannon before all others." *Connecticut National Bank v. Garmain*, 503 U.S. 219, 253 (1992).

TILA defines a "creditor" as a person who "(1) regularly extends, whether in connection with loans, sales or property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which a payment for a finance charge is or may

2

be required, and (2) is a person to whom the debt arising from the consumer credit transaction is initially payable on the face of the indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. §1602(f).

With respect to the instant transaction, Option One is not "the person to whom the debt arising from the consumer credit transaction is initially payable"; that would be defendant, Prime Investment Mortgage Corporation (2nd Am. Comp., Ex. A, F.); the original creditor for the purpose of TILA.

## II.     OPTION ONE IS NOT AN ASSIGNEE WHO CAN BE LIABLE UNDER TILA

Option One is not an assignee under TILA, either. Option One is merely a loan servicer. An entity which only acts as the loan servicer, however, is not treated as an assignee for purposes of TILA.

TILA could not be clearer: a plaintiff cannot assert a TILA claim against the servicer of a loan, unless that servicer also owns or owned the loan obligation. Section 131 of TILA expressly provides "*A servicer...shall not be treated as an assignee of such obligation for purposes of this section unless this servicer is or was the owner of the obligation.*" 15 U.S.C. §1641(f) (emphasis added); *See also, Jackson v. U.S. Bank, N.A., as Trustee*, 245 B.R. 23 (E.D. Pa. 2000) (servicing agent cannot be held liable under TILA because there is no provision for liability for servicing agents, only original lenders and their assigns). *See also, Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp.2d 910, 914 (N.D. Ill. 2002) (same); TILA expressly exempts servicing agents from liability unless the servicing agent has or had an ownership interest in the loan. *Clark v. Fairbanks Capital Corp.*, 2003 WL 21277126 (N.D.Ill.). See also, *Connor v. Moss Codilis, et al.*, 2003 WL 21267093 (N.D.Ill.) (same). Accordingly, a servicer

3

can only be deemed an assignee under TILA, and therefore potentially liable under TILA, if it also owned the debt.

In this case, the allegations of the Second Amended Complaint demonstrate that Option One is only the servicer, and apparently is only being sued in Count I in that capacity. Option One receives the borrower's scheduled payments and makes payments of principal and interest to the owner as well as other payments with respect to the amounts received from the borrower. Option One does not have ownership of the subject loan.

### III.    OPTION ONE IS NOT AN APPROPRIATE RULE 19 DEFENDANT

Additionally, Plaintiff alleges in paragraph 21 of the Complaint that Option One should be joined as a defendant as it is a necessary party. In paragraph 65 Plaintiff states Option One is named as a necessary party only merely in an attempt to keep Option One in the action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. However, as also alleged in the complaint, Option One merely services the loan. This is not a sufficient interest to justify inclusion as a Rule 19(a) defendant. If the loan transaction is rescinded, Option One would be required to cease to have any collection or other function in connection with the loan. *See*, *Walker v. Gateway Financial Corp.*, 286 F.Supp.2d 965, 969 (N.D. Ill. 2003) (loan servicer's presence in litigation is unnecessary). *See also, Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773, 775 (N.D. Ill. 2007). Thus, Option One's presence in this matter is not necessary and it should be dismissed as a defendant.

### IV.    DENIAL OF A LOAN MODIFICATION IS NOT AN "ADVERSE ACTION" UNDER ECOA

The Equal Credit Opportunity Act makes it unlawful for a creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . because the applicant has in good faith exercised any right under [the Consumer Protection Act]. 15 U.S.C. § 1691(a)(3).

For Plaintiff "to make out a prima facie case of retaliation, [s]he must allege facts sufficient to show that (1) [s]he engaged in a statutorily protected activity; (2) suffered an adverse credit action; and (3) a causal connection exists between the two." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) (citing *Johnson v. United States Dep't of Health and Human Servs.,* 30 F.3d 45, 47 (6th Cir. 1994). *See also, Bowen v. First Family Financial Services, Inc.*, 233 F.3d 1331, 1335 (11th Cir. 2000).

Plaintiff contends that when Option One denied her request for a loan modification that constituted an "adverse action" under ECOA (2nd Am. Comp. ¶ 116). She is incorrect. An "adverse action" for purposes of the ECOA is a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. "*Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default of where such additional credit would exceed a previously established credit limit.*" 15 U.S.C. § 1691(d)(6) (emphasis added). The regulations likewise provide that an "adverse action" does not include "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account." 12 C.F.R. 202.2(c)(2)(ii). *See Howard v. Brim*, 2006 WL 4757828, 4 -5 (W.D.N.C. June 8, 2006).

It is undisputed that the Plaintiff was in default with regard to the mortgage loan that Option One was servicing. Plaintiff admits as much in the Second Amended Complaint at paragraphs 23, 24 and 26. Exhibit G also establishes that Plaintiff was delinquent on the account. Because Plaintiff was delinquent on her account with Option One, a denial of a loan modification cannot be an adverse action and thus, Plaintiff's ECOA count against Option One fails and must be dismissed. In *Lewis*, the district court dismissed an ECOA action where the

debtor claimed retaliation under ECOA based on the creditor's filing a suit to collect a debt. The Sixth Circuit affirmed the dismissal of the ECOA action because plaintiff was unable to show he suffered an adverse action as the account was in default and the complaint failed to show a causal connection for retaliation between the debtor's FDCPA law suit creditor and the creditor's attempt to collect the debt. *Lewis*, 135 F.3d at 407, 408.

The complaint also fails to allege a causal connection between the denial of the loan modification and her TILA suit. As in *Lewis, supra*, Plaintiff's complaint amounts to "nothing more than unwarranted factual inferences and legal conclusions that re insufficient to state a claim of retaliation. To allow a claim to be stated any time a consumer makes an unwarranted factual inference or bare legal conclusion of retaliation in response to a creditor's legal action seeking resolution of an undisputed debt would be to create an incentive on the part of consumer to file an ECOA claim against creditors any time the debtor is unable or unwilling to pay on the debt. The ECOA was certainly never intended to act as a shield for consumers refusing to pay their debts." *Id*. at 407. Since Plaintiff fails to plead the causal connection with facts rather than inferences the ECOA count must be dismissed.

## **CONCLUSION**

For the reasons set forth above, Option One, the loan servicer, is not a creditor or assignee and thus is not liable under TILA for any damages to Plaintiff. Nor is Option One's presence in this matter necessary for a full and complete determination of the issues herein. Additionally, Option One did not violate ECOA as there was no adverse action. Finally, the complaint cannot establish a causal connection for the alleged retaliation. Wherefore, Defendant, Option One Mortgage Corporation, hereby this motion to dismiss be granted and that it be dismissed as a Defendant.

          Respectfully submitted,

          Option One Mortgage Corporation

          By: /s/ Jonathan D. Nusgart .

Jonathan D. Nusgart
James V. Noonan
Noonan & Lieberman
105 W. Adams Street
Suite 3000
Chicago, IL 60603
312/431-1455

**CERTIFICATE OF SERVICE**

Pursuant to L.R. 5.9, the undersigned certifies that a true and correct copy of the foregoing Motion to Dismiss Second Amended Complaint was electronically served via the CM/ECF system on August 14, 2008, to the following counsel of record:

**Al Hofeld, Jr.**         Email: al@alhofeldlaw.com

**Nazia J. Hasan**      Email:  nhasan@gsgolaw.com

**John Joseph Lydon**  Email: lydonj@gsgolaw.com


　　　　　　　　　　　　　　　　　　　　/s/   Jonathan D. Nusgart         .